```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION
```

THOMAS L. TAYLOR III,                §
                                     §
            Plaintiff,                §
                                     §
VS.                                  §   Civil Action No. 3:19-CV-1594-D
                                     §
ROTHSTEIN KASS & COMPANY,            §
PLLC, et al.,                        §
                                     §
            Defendants.              §

## MEMORANDUM OPINION AND ORDER

In this memorandum opinion and order, the court addresses three discovery motions: defendants' September 16, 2020 renewed motion to compel document production; plaintiff Thomas L. Taylor III's ("Taylor's") September 25, 2020 motion for protective order; and defendants' October 14, 2020 motion to compel deposition from Securities and Exchange Commission ("SEC"). For the reasons that follow, the court grants defendants' renewed motion to compel document production, grants in part and denies in part Taylor's motion for protective order, and denies defendants' motion to compel deposition from the SEC.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Taylor, the court-appointed temporary receiver for Breitling Energy Corporation ("Breitling" or "BEC") and related entities (collectively, "Breitling" when the context so requires[2]), moves for a protective order as to several requests for production ("RFPs"). The court turns first to the RFP that is also the subject of defendants' renewed motion to compel document production, and will consider together the pertinent ground of the motion for protective order and the renewed motion to compel document production.[3]

A

In RFP No. 31 of defendant Rothstein Kass & Company, PLLC's ("Rothstein Kass's") first set of RFPs, it requests that Taylor produce "[a]ny and all communications between the Receiver and any claimants in *SEC v. Faulkner*, 3:16-cv-01735-D (N.D. Tex.) at any time since June 24, 2016." 4/21/20 App. at 34. When Taylor objected to the RFP, Rothstein Kass moved to compel him to produce the requested documents.

Judge Rutherford, to whom the court referred the motion to compel, addressed it in part at a June 2, 2020 hearing, after which Taylor produced some responsive documents (i.e., documents that he or his assistant had previously segregated). Judge Rutherford ruled in a

---

[2]For example, "Breitling" is used collectively in this memorandum opinion and order instead of "Breitling Entities," a term used in the briefing.

[3]In Taylor's response to defendants' renewed motion to compel document production, for example, he requests that the court adopt and incorporate the arguments and evidence he presents in support of his motion for protective order. The court is doing so by considering the motions in tandem.

- 2 -

June 29, 2020 order on the balance of the motion to compel. Noting Taylor's objection that the communications sought were irrelevant, and his representation that his damages were not based on any of the documents that Rothstein Kass sought, she sustained Taylor's relevance objection. She also concluded that, if it appeared from the forthcoming report of Taylor's damages expert that the damages calculation relied on investors' claims against the Receivership Estate, Rothstein Kass could renew its motion to compel before the close of discovery.

After the report of Taylor's expert, Saul Solomon ("Solomon"), was served, defendants filed the instant renewed motion to compel. Taylor opposes the motion to compel and also moves for relief as to RFP No. 31 in his motion for protective order. He maintains that the documents Rothstein Kass seeks are not relevant and that requiring him to produce them subjects him to an undue burden and to a discovery obligation that is not proportional to the needs of the case.

B

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 26(c) provides, in pertinent part, that "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense[.]" "'Good cause' exists when justice requires the protection" that the movant seeks. *Staton Holdings, Inc. v. Russell Athletic, Inc.*, 2010 WL 1372479, at *2 (N.D. Tex. Apr. 7, 2010) (Fitzwater, C.J.) (quoting *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003)).

Whether as the movant seeking a protective order or as the opponent of Rothstein Kass's renewed motion to compel document production, Taylor shoulders the burden of proof. The party opposing a discovery request must "show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.) (quoting *Waddell & Reed Fin. Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)). "Failing to do so, as a general matter, makes such an unsupported objection nothing

more than unsustainable boilerplate." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (Horan, J.) (citations omitted).

C

The court considers first whether Taylor has specifically shown that the discovery requested in RFP No. 31 is not relevant.

As a threshold matter, the court declines to accept the premise that the relevance question pivots on whether in developing his damages opinions Solomon relied on the documents covered by RFP No. 31. The relevance standard is broader and encompasses any information that may be relevant to the claim or defense of any party.[4]

Having considered Taylor's briefing and evidence in support of his motion for protective order and in opposition to defendants' renewed motion to compel, the court holds that he has failed to demonstrate that the documents included within the scope of RFP No. 31 are outside the scope of discovery: i.e., that there is no possibility that the information

---

[4]The court substantially agrees with this reasoning found in Rothstein Kass's reply brief:

> Nevertheless, Plaintiff contends that Investor Communications are not relevant because his damages expert only used Breitling's books and records to develop his damages model. This is simply wrong. The scope of relevance is not so narrow, and relevance is not limited to the documents that one party has chosen to rest its case on. If it were, each party would simply limit "relevance" to whatever facts and documents were most beneficial for it.

Ds. 10/21/20 Reply at 3 (citation omitted).

- 5 -

sought may be relevant to the claim or defense of any party. In this instance, defendants have demonstrated that the documents may be relevant to the "increased liabilities damages" theory of Taylor's expert witness.

D

The court now assesses whether Taylor has met his burden to show specifically how responding to RFP No. 31 imposes an undue burden or a discovery obligation that is not proportional to the needs of the case.

Again having considered Taylor's briefing and evidence in support of his motion for protective order and in opposition to defendants' renewed motion to compel, the court holds that he has failed to make either showing.[5] Were it apparent, for example, that RFP No. 31 in fact requires Taylor to produce all communications with a number approaching 1,300 or so investors, the court might reach a different decision. But Taylor acknowledges that, out of the approximately 1,300 investors, he had received only approximately 130 claims as of his September 25, 2020 motion for protective order. The record also includes a court-ordered joint report in which Taylor states that "[t]he Receiver's principal means of communication with investors/potential claims is via a website created for the Breitling Receivership. Through the website the Receiver created a means of communicating with persons that may be investors/potential claimants of the Receivership Estate." 5/19/20 Jt. Report at 10; *see*

---

[5]To the extent that Taylor is concerned that the required production may require him to disclose confidential investor information, Taylor may redact such information or enter into an agreement with defendants to protect the information from public disclosure and misuse.

*also id*. at 11 ("As the Receiver, he posts communications to the investors/potential claimants on the Receivership website."). Such communications submitted electronically between Taylor and investors would appear to be more facilely produced than may be suggested by the total number of investors.

E

Accordingly, the court grants defendants' renewed motion to compel and denies Taylor's motion for protective order to the extent it is addressed to RFP No. 31. No later than January 11, 2021 Taylor must comply with RFP No. 31.[6]

II

The court now considers the balance of Taylor's motion for protective order.

A

Taylor moves for relief as to RFP Nos. 32 and 33 of Rothstein Kass's second set of RFPs. RFP No. 32 requests production of "[a]ny and all Documents related to the following deponents in the above captioned litigation, Including any and all Communications between You and the deponents." 9/25/20 App. at 26 (listing 14 deponents and the SEC). RFP No. 33 requests production of "[a]ny and all Communications between You and attorneys and/or other representatives of the Persons listed in 32.a-32.o., above." 9/25/20 App. at 27

---

[6]The court is intentionally setting this deadline after the holidays so that Taylor has a reasonable period to comply. If, in view of the holidays or other factors (such as the COVID-19 pandemic), Taylor requires additional time to comply, the court expects the parties to work cooperatively on an agreed extension before seeking court assistance. This initial deadline, of course, is subject to the supplementation requirement of Rule 26(e)(1).

(referring to same 14 deponents and the SEC as in RFP No. 32).

Taylor challenges the production of these documents on grounds of relevance and proportionality. He also points out that Rothstein Kass has already issued document subpoenas and/or subpoenas *duces tecum* requiring 10 of the 14 former employees or agents at issue to produce all of their Breitling-related documents, including their communications with Taylor.[7]

B

Having considered Taylor's briefing and evidence, the court holds that he has failed to demonstrate that the documents included within the scope of RFP Nos. 32 and 33 as to the 14 former employees and/or agents are outside the scope of discovery.

But under Rule 26(b)(2)(C)(i) the court "must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Accordingly, to the extent RFP Nos. 32 and 33 seek production of communications that are the subject of subpoenas issued to Breitling's former employees and agents, the court grants Taylor's motion for protective order. Rothstein Kass must obtain these documents from Breitling's former employees and agents themselves.[8]

---

[7]Taylor alleges that Rothstein Kass has issued document subpoenas and/or subpoenas *duces tecum* to Vinson & Elkins, Jeremy Wagers, Parker Hallam, Chris Williford, Steven Plumb, Scheef & Stone, Scott Cox, David Kovacs, Beth Handkins, and Rick Hoover.

[8]If Rothstein Kass can demonstrate before the discovery deadline that it is unable to obtain the documents from the Breitling employees or agents, it may seek relief from this

C

Accordingly, the court grants Taylor's motion for protective order to the extent RFP Nos. 32 and 33 seek production of communications that are the subject of subpoenas issued to Breitling's former employees and agents (i.e., 10 as of the date of Taylor's motion), and otherwise denies the part of the motion addressed in this section.

III

Taylor moves for relief as to RFP Nos. 32 and 33 of Rothstein Kass's second set of RFPs to the extent these requests seek production of communications between Taylor and the SEC.

Taylor challenges the production of these documents on grounds of relevance and proportionality. Having considered Taylor's briefing and evidence, the court holds that he has failed to demonstrate that the documents included within the scope of RFP Nos. 32 and 33 as to the SEC are outside the scope of discovery.[9] Nor has he demonstrated that the requested documents exceed what is proportional to the needs of the case.

Accordingly, the court denies Taylor's motion for protective order to the extent RFP Nos. 32 and 33 seek production of communications with the SEC.

---

decision, provided it has adequately met and conferred with opposing counsel.

[9]Although Taylor indicates that he has issued either a document subpoena or a subpoena *duces tecum* to the SEC, the court cannot rule on it as it did *supra* at § II(B), that is, that defendants must obtain these documents from the SEC. This is because the SEC's obligation, if any, to respond to Taylor's discovery requests has not been resolved, as the court discusses *infra* at § VI.

IV

Taylor moves for relief as to RFP Nos. 34(e) and 35(e) of Rothstein Kass's second set of RFPs, which request the production of drafts of declarations or affidavits of, *inter alia*, Scott Cox ("Cox").  The court denies this ground of Taylor's motion without prejudice as moot.

According to the briefing, Taylor has "agreed to produce to Defendants the drafts of the Cox Declaration that the Receiver's counsel exchanged with counsel for Mr. Cox."  P. 10/30/20 Reply Br. at 7.  Although Taylor continues to seek protection from producing his counsel's internal drafts of the declaration, defendants acknowledge that they "are not seeking Plaintiff's internal drafts of Mr. Cox's declarations."  Ds. 10/16/20 Resp. at 20.  The court therefore denies this ground of Taylor's motion for a protective order without prejudice as moot.

V

Taylor also seeks protection from Rothstein Kass's request for Taylor's notes from witness interviews.  In RFP No. 41 of Rothstein Kass's second set of RFPs, it requests production of "[a]ll Documents, including notes and/or summaries, related to any interviews conducted by You of the following individuals: [listing 20 persons or entities]."  9/25/20 App. at 28-29.

A

Taylor maintains that the notes at issue are protected work product because Taylor (an attorney) appears and acts as his own counsel in the SEC civil enforcement action and he

interviewed the witnesses in anticipation of litigation. Rothstein Kass posits that the inability of witnesses—e.g., Jeremy Wagers, Esquire ("Wagers"), BEC's general counsel—to recall important information at their depositions, due to the passage of time, creates a compelling need for the interview notes and overrides the work product protection.

B

The federal work product protection found in Rule 26(b)(3) provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." "The burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial." *Harding v. County of Dallas*, 2016 WL 7426127, at *11 (N.D. Tex. Dec. 23, 2016) (Fitzwater, J.) (citations omitted), *aff'd*, 948 F.3d 302 (5th Cir. 2020). Once this initial burden is met, the party seeking disclosure of ordinary work product must "show[] that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Rule 26(b)(3)(A)(ii). Substantial need and undue hardship are related inquires because it is necessary to define the information for which a party has a substantial need to determine whether substantially equivalent information can be obtained without undue hardship. *See In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1241 (5th Cir. 1982) (noting that substantial need and undue hardship "are part of a balancing test"); *see also Fletcher v. Union Pac. R.R. Co.*, 194 F.R.D. 666, 671 (S.D. Cal. 2000) (noting "considerable overlap between substantial need and undue hardship," and explaining that

"[t]he extent to which a party needs information contained in an opponent's work product depends, in large part, on whether the work product is unique"); *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 152 (S.D. Ind. 1993) ("Existence of a viable alternative to invading work product, will, in most situations . . . negate any substantial need.").

Taylor has met his burden of showing that the requested interview notes are work product. It is clear from the record that Taylor prepared the notes in anticipation of litigation.

Rothstein Kass has failed to meet its burden of establishing that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. *See* Rule 26(b)(3)(A).[10] Although a party can "demonstrate undue hardship if the witness cannot recall the events in question, . . . broad unsubstantiated assertions of . . . faulty memory are not sufficient" to overcome work product protection. *See Int'l Sys.*, 693 F.2d at 1240 (citations omitted). Accordingly, to the extent that Rothstein Kass asserts that the interview notes are needed because witnesses *may* be unable to recall certain information, it has failed to meet its burden.

Although Rothstein Kass cites specific instances where witnesses (e.g., Wagers) were unable to recall information at their depositions, it has failed to demonstrate that the substantial equivalent of the information sought from the deponents cannot be obtained

---

[10]Because Rothstein Kass has failed to meet its burden under the standard applied to ordinary work product, the court need not consider whether the interview notes contain opinion work product or whether Rothstein Kass has demonstrated a "compelling need" for the notes, as is required for opinion work product. *See SEC v. Cuban*, 2012 WL 456532, at *2 n.3 (N.D. Tex. Feb. 10, 2012) (Fitzwater, C.J.) (quoting *SEC v. Brady*, 238 F.R.D. at 443).

without undue hardship.

The court therefore grants Taylor's motion for entry of a protective order concerning the interview notes requested in RFP No. 41.

VI

Finally, the court considers Rothstein Kass's motion to compel a deposition from the SEC.

A

Rothstein Kass maintains that the SEC's deposition testimony is relevant because the impact of Rothstein Kass's audit on the timing of the SEC's enforcement action is central to Taylor's damages calculations. The SEC responds, *inter alia*, that Rothstein Kass has failed to exhaust its administrative remedies under the Administrative Procedure Act, 5 U.S.C. § 704 ("APA").[11]

B

"The APA waives the government's sovereign immunity in limited circumstances and permits federal court review of final administrative agency actions." *Samadian v. Meade*, 2011 WL 13180181, at *7 (N.D. Tex. Dec. 22, 2011) (Solis, J.) (citing 5 U.S.C. § 702); *see also Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979) ("5 U.S.C. § 704 subjects to judicial review only those agency actions which are . . . 'final.'"); *SEC ex*

---

[11]The court acknowledges that there is a circuit split and that the Fifth Circuit has not decided the exhaustion question that the court is now addressing. If further developments in the law call into question the court's approach, it will reconsider its decision.

*rel. Glotzer v. Martha Stewart, Living Omnimedia, Inc.*, 374 F.3d 184, 192 (2d Cir. 2004) ("Judicial review under APA § 702 is expressly conditioned, under APA § 704, on the existence of a 'final' agency action."). "This is not a jurisdictional requirement, but rather an exhaustion of administrative remedies requirement[.]" *Dresser*, 596 F.2d at 1238. The court therefore must determine whether the SEC's decision not to comply with Rothstein Kass's subpoena is a final agency action.

In the context of the APA, an agency action is final "[w]hen an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." *Darby v. Cisneros*, 509 U.S. 137, 146 (1993); *see also SEC ex rel. Glotzer*, 374 F.3d at 192 ("[A] party seeking judicial review of an agency's non-compliance with a subpoena must first exhaust his or her administrative remedies pursuant to APA § 704."). The SEC's regulations state: "[p]ursuant to Section 704 of the [APA], a petition to the [SEC] for review of an action made by authority delegated in §§ 200.30-1 through 200.30-18 . . . is a prerequisite to the seeking of judicial review." 17 C.F.R. § 201.430(c). The SEC's regulations also provide that the "[SEC] or the General Counsel" acts "pursuant to delegated authority" when deciding whether to authorize compliance with a subpoena. 17 C.F.R. § 200.735-3(b)(2)(ii).

Because Rothstein Kass has not yet petitioned the SEC to review the decision not to comply with Rothstein Kass's subpoena, it has failed to exhaust its administrative remedies. Accordingly, the SEC's decision is not a final agency action that is subject to judicial review.

The court therefore denies Rothstein Kass's motion to compel the SEC's deposition

testimony.[12]

\*   \*   \*

For the reasons explained, the court grants defendants' September 16, 2020 renewed motion to compel document production, grants in part and denies in part Taylor's September 25, 2020 motion for protective order, and denies defendants' October 14, 2020 motion to compel deposition from the SEC.

**SO ORDERED**.

December 11, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[12]The SEC also posits that, even if Rothstein Kass had exhausted its administrative remedies, the court should evaluate the SEC's decision not to comply under the APA's arbitrary and capricious standard, and that, even if the court instead evaluates the SEC's decision under Rule 45, the court should not compel the SEC to testify because it would impose an undue burden on the SEC and because Rothstein Kass seeks testimony about matters that are protected by the work product protection and the deliberative process privilege. The court does not reach these arguments.